```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
TOKYO ELECTRON ARIZONA, INC.           MEMORANDUM AND ORDER
                                        (re Punitive Damages)
          Plaintiff,                    01-CV-3245 (DRH)

     -against-

DISCREET INDUSTRIES CORPORATION,
OVADIA MERON, et. al.,

          Defendants.
--------------------------------X
A P P E A R A N C E S:

For Plaintiff:
     Frommer, Lawrence & Haug, L.L.P.
     745 Fifth Avenue, Tenth Floor
     New York, NY 10151
       By:  Edgar H. Haug, Esq.
            Kevin Murphy, Esq.
            James K. Stronski, Esq.

For Defendant:
     Carrella, Byrne, Bain, Gilfillan, Cecchi,
     Stewart & Olstein, P.C.
     6 Becker Farm Road
     Roseland, NJ 07068-1739
       By:  Dennis F. Gleason, Esq.
            A. Richard Ross, Esq.
```

HURLEY, District Judge

The purpose of this opinion is to resolve defendants' motion to vacate the jury's April 1, 2004 awards of $2.6. million in punitive damages against Ovadia Meron ("Meron") and $1 million against Discreet Industries Corporation ("Discreet").

Defendants correctly note that "[p]unitive damages are designed to punish a person for outrageous conduct and

deter him from engaging in similar conduct in the future." Defs.' Mem. Supp. of Post-Verdict Applications at 10.  And, as also underscored by defendants, "'even outrageous conduct will not support an oppressive or patently excessive award of damages.'"  Id. (quoting Vasbinder v. Scott, 976 F.2d 118, 121 (2d Cir. 1992)).  Based primarily on those two basic principles, supplemented by the trial proof concerning the financial circumstances of defendants, defendants argue that the jury's punitive damage awards are excessive and "should be eliminated or, alternatively, reduced to amounts that will not bring about the financial ruin of Meron or Discreet."  Id. at 12.

      BMW of North America v. Gore, 517 U.S. 559, 575 (1996) provides three factors for a reviewing Court to consider in  determining whether a punitive damage award is violative of due process: (1) degree of reprehensibility of conduct; (2) ratio of punitive damages to compensatory damages; and (3) penalties authorized or imposed for comparable conduct in other cases.  The Second Circuit uses the Gore factors not only for due process purposes, but also to ascertain if a particular award shocks the judicial conscience.  Mathie v. Fries, 121 F.3d 808, 816 (2d Cir. 1997).

Initially the Court will address the <u>Gore</u> factors, to be followed by an analysis of plaintiff's claim that the jury's awards are out of sync with each defendant's ability to pay.

GORE FACTORS

1) <u>The Degree of Reprehensibility</u>.  The evidence pertaining to this factor is detailed in this Court's "MEMORANDUM, ORDER, AND PERMANENT INJUNCTION" of today which is incorporated herein.  <u>See</u> MEMORANDUM, ORDER AND PERMANENT INJUNCTION, issued this date at 8-16.  Suffice it to say for present purposes that defendants' misconduct was egregious, involving protracted trickery and deceit.

2) <u>Ratio of Punitive to Compensatory Damages</u>.

The Supreme Court has explained "that, in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process."  <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 538 U.S. 408, 425 (2003).  State Farm further counsels that "when compensatory damages are substantial [as here], then a lesser ratio, perhaps only equal to compensatory damages, can reach outer limit of the due process guarantee."  <u>Id.</u>

The total compensatory damage award to TAZ is $6.3

million.  There is a question whether that amount will stand given defendants' as yet unresolved motion in which it is argued that the conversion, and tortious interference with contract claims are time-barred.  As a result, the total compensatory award may ultimately prove to be $6.3 million or some lesser sum.[1]  But in either event, punitive damages will be a percentage of the compensatory damage award rather than equal to or a multiple of that amount.  Defendants have proffered nothing to suggest that the relationship between the two sums violates due process or should shock the judicial conscience.

       3)   <u>Penalties Imposed for Comparable Conduct in Other Cases</u>.  Defendants do not address this third <u>Gore</u> factor.  However, the cases cited by plaintiff demonstrate that this award is not out of sync with like awards in comparable cases.  <u>See, e.g.</u>, <u>TVT Records v. Island Def Jam</u>

---

[1] As explained in another of this Court's decision of today, it appears that the jury found that plaintiff was damaged to the extent of $6.3 million, and then divided that sum amongst the five causes of action upon which plaintiff prevailed.  As part of that process, the jury awarded $1 million on the conversion claim and the same amount for tortious interference with contract claim.  However, the multiple counts in the complaint are all predicated on a common core of interrelated facts.  Therefore, the reprehensibility of defendants' conduct will not be affected should the conversion and tortious interference with contract claims ultimately be dismissed.

-4-

Music Group, 279 F. Supp. 2d 413, 461 (S.D.N.Y. 2003)("the Court concludes that in respect of the compensatory damages verdicts the jury returned against IDJ in amounts of $126,720, $22,358,713 and $1,011,313 with regard to TVT's claims of injuries caused by breach of contract, tortious interference with contractual relations, and fraud, respectively, the corresponding punitive awards should be remitted to $125,000, $25,000,000 and $1,000,000") and Am. Fin. Servs. Group v. Treasure Bay Gaming & Resorts, Inc., No. 99 CV 1068, 2000 WL 815894 at *14, 16 (S.D.N.Y. June 23, 2000)($5,000,000 in punitive damages awarded together with compensatory damages for conversion in the amount of $493,500 and a release of escrowed funds of $216,944.31).

Attention will now be addressed to the defendants' primary argument, that being that the jury's verdict purportedly far exceeds each defendant's ability to pay.

### DEFENDANTS' FINANCIAL CIRCUMSTANCES

"It is well settled . . . that evidence of a defendant's net worth is properly considered given the goals of punishment and deterrence served by punitive damages."  TVT Records, 257 F. Supp. 2d at 745.

But it was defendants' "burden to show that dire financial circumstances warrant a limitation of the [punitive

damages] award." Smith v. Lightning Bolt Prods., Inc., 861 F.2d 363, 373 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52, 56 (2d Cir. 1978). Therefore, to the extent the financial information about Discreet and Meron was incomplete and arguably misleading as to their respective abilities to respond in punitive damages, the fault lies with defendants. Lightning Bolt Prods., 861 F.2d at 373.

     Defendants, perhaps in an effort to discharge their burden of production, placed Discreet's tax returns for the years 1998 through 2002 before the jury. The corporate tax returns, however, while providing income information, do not reflect either Discreet's or Meron's net worth. And net worth, of course, is a source from which punitive damages may be paid. Moreover, Meron for whatever reason, elected not to tell the jury whether he had other sources of income beyond his compensation from Discreet.

     Since defendants are responsible for the incompleteness of the record as to their financial circumstances, they may not be heard to complain that the jury's award is excessive when juxtapositioned against the limited financial information that they did provide to the jury.

## CONCLUSION

For the reasons indicated, defendants' argument that the punitive damage award is excessive is found to be without merit.

SO ORDERED.

Dated: November 16, 2004
       Central Islip, New York


```
                              ___/s_____
                              DENIS R. HURLEY, U.S.D.J.
```