UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
TOKYO ELECTRON ARIZONA, INC.

                    MEMORANDUM AND ORDER

                Plaintiff,          (RE Statute of
Limitations

                                    Defenses)
            -against-                  01-CV-3245(DRH)

DISCREET INDUSTRIES CORPORATION,
OVADIA MERON, et. al.,

                Defendants.
-------------------------------X
A P P E A R A N C E S:

For Plaintiff:
      Framer, Lawrence & Haag, L.L.P.
      745 Fifth Avenue, Tenth Floor
      New York, NY 10151
        By:  Edgar H. Haug, Esq.
             Kevin Murphy, Esq.
             James K. Stronski, Esq.

For Defendants:
      Carrella, Byrne, Bain, Gilfillan, Cecchi,
      Stewart & Olstein, P.C.
      6 Becker Farm Road
      Roseland, NJ 07068-1739
        By:  Dennis F. Gleason, Esq.
             A. Richard Ross, Esq.

HURLEY, District Judge

        Plaintiff prevailed with the jury on five of the six

claims in its complaint, including its tortious interference

with contract and its conversion causes of action.

        Defendants seek judgment notwithstanding the verdict

as to the tortious interference cause of action on two bases:

(1) there was insufficient evidence to support the jury's

determination that defendants had knowledge of the subject

contracts, and (2) the claims are, in any event, time-barred. The latter ground is also the basis for their attack on the conversion portion of the verdict.

Defendants' arguments will be discussed seriatim.

ADEQUATE PROOF BEFORE JURY TO PERMIT CONCLUSION THAT DEFENDANTS HAD KNOWLEDGE OF CONTRACTS BETWEEN PLAINTIFF AND ITS VARIOUS MANUFACTURER/SUPPLIERS

The jury found that Discreet Industries Corporation ("Discreet") and Ovadia Meron ("Meron") tortiously interfered with nondisclosure agreements ("NDA's") that Tokyo Electron Arizona ("TAZ") had with its manufacturer/suppliers.

To establish a claim of tortious interference with contract, the following elements must be established: (1) the existence of a valid contract, (2) defendants' knowledge of that contract, (3) defendants intentionally caused a third-party to breach the contract and (4) resulting damages to plaintiff.  John R. Loftus, Inc. v. White, 540 N.Y.S.2d 610, 612 (3rd Dep't 1989).

Focusing on the second element, defendants contend that the trial record is bereft of evidence that defendants knew of the NDAs.  They are correct to the limited extent that no one  affiliated with a TAZ manufacturer/supplier used the precise term "nondisclosure disagreement" or "NDA" in conversing with Meron or other Discreet representative.  But

-2-

the jury was presented with abundant evidence that defendants
were fully aware that TAZ's technical drawings and
specifications were furnished to its manufacturer/suppliers
subject to the condition of strict confidentiality.  <u>See e.g.</u>,
the testimony of Watson and Evans synopsized in the Court's
decision of today entitled "MEMORANDUM, ORDER AND PERMANENT
INJUNCTION" at pp. 13-16.  By causing a number of those
manufacturer/suppliers to breach their confidentiality
agreements with TAZ, defendants committed tortious
interference with contract.

DISCUSSION OF DEFENDANTS' STATUTE OF LIMITATIONS<br>
DEFENSES AS TO CONVERSION AND TORTIOUS INTERFERENCE<br>
<u>CAUSES OF ACTION</u>

A statute of limitations typically would not be the
subject of a post-verdict motion.  Delayed assertion of the
affirmative defense usually constitutes waiver.

Discreet and Meron, however, did assert the
affirmative defense pre-trial, albeit belatedly.  After the
case was marked ready before trial, defendants filed a motion
for summary judgment.  Among the multiple grounds alleged in
that motion was the statute of limitations.

The summary judgment motion, fully framed by the
parties' respective submissions, was presented to the Court in
early March 2004.  The trial of the action began less than a

-3-

week later.  Given the brief period between the two dates, the
parties were advised that the Court would not be in a position
to render a decision prior to trial but rather would decide
the motion at the end of the plaintiff's case-in-chief or
sometime thereafter.[1]  Therefore, the statute of limitation
defense was not waived and will be discussed now, beginning
with the conversion cause of action.

1.   <u>Conversion/Statute of Limitations Defense</u>

          Initially, the Court must consider which state's
law to apply regarding the statute of limitations: New York
(Discreet's place of business) or Arizona (TAZ's place of
business).  Defendants argue that plaintiff's conversion claim
is barred under either New York or Arizona law.  Plaintiff, on
the other hand, contends that its conversion claim is timely
under either state's statute of limitations.

          New York's statute of limitations for conversion is
three years measured "from the date the conversion takes
place. . . ."  <u>Vigilant Ins. Co. v. Housing Auth. of City of
El Paso</u>, 87 N.Y.2d 36, 44-45, 660 N.E.2d 1121, 1126 (N.Y.

---

          [1]  Parenthetically, defendants' summary judgment motion
was not decided at the close of plaintiff's case-in-chief or
otherwise.  However, the counts targeted, as well as arguments
advanced in the summary judgment motion were among those
included  in defendants' unsuccessful post-verdict Rule 50(b)
applications for judgment as a matter of law.  Accordingly,
the summary judgment motion is now denied as academic.

1995).  Arizona's corresponding statute is two years, also
measured from the time of wrongful taking.  <u>Jackson v.
American Credit Bureau, Inc.</u>, 531 P.2d 932, 934 (Ariz. Ct.
App. 1975)("Arizona Revised Statutes s 12-542 provides that an
action for conversion must be 'commenced and prosecuted within
two years after the cause of action accrues, and not
afterward.'  The cause of action 'accrues' at the time of the
wrongful taking and not at the time of the discovery by
plaintiff of the taking or of the identity of the taker.").

        "A federal court sitting in diversity or
adjudicating state law claims that are pendent to a federal
claim must apply the choice of law rules of the forum state."
<u>Rogers v. Grimaldi</u>, 875 F.2d 994, 1002 (2d Cir. 1989)(citing
<u>Klazon Co. v. Stenor Elec. Mfg. Co.</u>, 313 U.S. 487, 496 (1941);
<u>Colgate Palmolive Co. v. S/S Dart Canada</u>, 724 F.2d 313, 316
(2d Cir. 1983)).  Under New York law, "[g]enerally, 'a cause
of action [sounding in tort] accrues at the time and in the
place of the injury', and '[w]hen an alleged injury is purely
economic, the place of injury usually is where the plaintiff
resides and sustains the economic impact of the loss.'"
<u>Proforma Partners, LP v. Skadden Arps Slate Meagher & Flom,
LLP</u>, 280 A.D.2d 303, 303, 720 N.Y.S.2d 139, 140 (1st Dept.
2001) (citing <u>Global Fin. Corp. v. Triarc Corp.</u>, 93 N.Y.2d

-5-

525, 715 N.E.2d 482 (N.Y. 1999)); see also Ceres Partners v. Gel Assocs., 918 F.2d 349, 353 (construing CPLR 202 to mean that "the cause of action accrues 'where its economic impact is felt, normally the plaintiff's residence,'")(quoting Arneil v. Ramsey, 550 F.2d 774, 779 (2d Cir. 1977); Gorlin v. Bond Richman & Co., 706 F. Supp. 236, 240 (S.D.N.Y. 1989)("For purposes of the New York borrowing statute, a cause of action accrues where the injury is sustained.  In cases involving economic harm, that place is normally the state of plaintiff's residence.")(internal citations omitted).  But see Emerson Elec. Co. v. Black & Decker, Inc., No. 96 CV 4334, 1997 WL 666283 at *5 (S.D.N.Y. Oct 27, 1997).

Applying the above principles, TAZ's claims accrued in Arizona, i.e., the location of its principal place of business and where it sustained the economic injury caused by defendants' conduct.  As a result, New York's CPLR 202 is applicable.

That Rule provides:

An action based upon a cause of action
accruing without the state cannot be
commenced after the expiration of the time
limited by the laws of either the state or
the place without the state where the cause
of action accrued, except that where the
cause of action accrued in favor of a
resident of the state the time limited by
the laws of the state shall apply.

As explained in <u>Global Fin. Corp.</u>, 93
N.Y.2d

at 528:

When a non-resident sues on a cause of
action accruing outside New York, CPLR 202
requires the cause of action to be timely
under the limitation periods of both New
York and the jurisdiction where the cause
of action accrued.

Therefore, prescinding from the issue of possible
tolls of the limitation periods in the respective states,
plaintiff's various conversion claims are time-barred under
CPLR 202 unless commenced within two years of the accrual
dates.

Here, plaintiff filed its complaint in May 2001.
Thus, defendants' conduct must have occurred after May 1999 in
order to be actionable.  Defendants bear the burden of
establishing that plaintiff did not timely file its conversion
cause of action.     Defendants' entire argument for both
the conversion claim and the tortious interference claim
barely consist of three (3) typewritten pages.  With regard to
the conversion claim, there were numerous instances of
conversion in the record, but defendants do not parse out
specifically which claims they are contesting as time-barred.
Instead, they make conclusory statements such as "the evidence
at trial shows that Discreet's conduct occurred more than two

-7-

years prior to the filing of the complaint in this action,"
and "[t]he alleged acts of conversion occurred more than three
years prior to May 2001."  Defs.' Mem. Supp. of Post-Verdict
Applications at 5-6.  Such vague allegations are not
sufficient for the Court to make a decision on the motion.
The trial transcript is almost three thousand pages, yet
defendants do not give specific references to pages in the
transcript which support their argument.  They do make
reference to one witness's testimony, Phillip Miller, but
again fail to provide citations to the record.

          Plaintiff, on the other hand, provided the Court
with an example demonstrating that at least one of its
multiple conversion claims is timely: "Sony employee Ray
Rayniak testified that he faxed a MRC drawing D124841 on July
19, 1999 to Discreet (Tr. 2035:9-2036:25) — well within a
prescribed two year limitation."  Pl.'s Opp'n at 7-8.  From
that, plaintiff opines that <u>all</u> of its conversions claims are
timely because "in cases of multiple conversions — the date of
the last conversion applies."  Pl.'s Mem. Opp'n to Defs.'
Post-Verdict Applications at 7, citing <u>Stanley v. Morgan
Guaranty Trust Co.</u>, 570 N.Y.S.2d 22 (1st Dep't 1991).  But
even if, arguendo, the First Department's decision in <u>Stanley</u>
represents the law of New York and would be applicable to

-8-

current factual scenario involving diverse incidents of conversion, Arizona law, as noted, controls. Whether Arizona has such a rule has not been addressed by the parties.

For the reasons indicated, defendants' motion to dismiss the conversion claims on timeliness ground is denied. The denial is without prejudice, however, to renewal with specific references, i.e. pinpoint cites, to the trial record as distinct from sweeping statements about what the record supposedly reflects. Additionally, the parties — particularly defendants who carry the burden of proof — are directed to more fully address related legal issues. For instance, defendants argue that "TAZ had knowledge of Discreet's alleged conduct in early 1997 — more than four years prior to the filing of the complaint." Defs.' Mem. Supp. of Post-Verdict Applications at 5 (emphasis omitted). If TAZ knew of some incidents of conversions by Discreet in 1997 does that knowledge trigger the statute of limitations for subsequent, unrelated acts of conversion? Discreet implicitly suggests an affirmative answer to that question, although the legitimacy of such a result falls far short of being obvious.

In sum, defendants are ordered to provide specificity as to law and facts should they elect to further pursue this application. Should defendants renew their

-9-

application, plaintiff is directed to respond in like specific fashion.  Any such renewed application by defendants shall be made on or before December 8, 2004.  Otherwise, the present denial without prejudice will automatically become with prejudice based on defendants' failure to discharge their burden of proof.

2.   Tortious Interference With Contracts
     Claim/Statute of Limitations Defenses

     Next, the Court must determine which statute of limitations - - New York's or Arizona's- - applies to the tortious interference with contracts claim.  As stated above, the Court must apply New York's choice of law rules.  "In order to determine what statute of limitations New York would apply, a district court sitting in New York must consider the borrowing rules found in N.Y. CPLR § 202."  Ceres Partners, 918 F.2d at 353.

     Rule 202 is not triggered unless the cause of action accrued outside New York.  Thus, the Court must examine where the tortious interference cause of action accrued.  Above, the Court noted that under New York law, a cause of action producing a purely economic injury accrues where the plaintiff resides and sustains the economic loss.  Plaintiff's cause of action accrued in Arizona, the site of its principal place of business and where  it felt the economic impact.  Arizona's

-10-

statute of limitations for a tortious interference with contracts claim is two years. <u>See</u> <u>Clark v. Airesearch Mfg. Co. of AZ, Inc.</u>, 673 P.2d 984, 987 (Ariz. Ct. App. 1983) ("the two year statute of limitations in A.R.S. § 12-542 governs claims for wrongful interference with contract").

Numerous incidents of tortious interference were presented to the jury.  But plaintiff proffers a sole incident — erroneously as it develops[2] — as being timely.  That one incident is cited as an "example," coupled with an implicit argument that the timeliness of the one incident somehow insulates the others from defendants' statute of limitations defense.  Pl.'s Opp'n at 9.  Conceivably some type of continuing violation doctrine is at play here, but the Court declines to so conclude absent supporting authority being furnished.  In sum, plaintiff's presentation on this point is too meager to assist the Court.

But, of course, it is defendants' burden to establish their statute of limitations defense.  Yet defendants devoted less than one-half of one typewritten page to their argument, simply positing: "[t]he interference, if it occurred at all, took place prior to May 2001, and certainly more than two years prior to the filing of the complaint."

_____

[2]  The one incident cited by plaintiff arguably would be timely if — contrary to the fact — New York's three year statute applied.  It is clearly time-barred, however, under controlling Arizona law.

Defs' Mem. Supp. of Post-Verdict Applications at 6.  Without
citations to the record and relevant case law, the Court does
not have sufficient information to determine defendants'
statute of limitation defense.  Accordingly, the Court denies
defendants' motion for judgment as a matter of law as to this
claim.

This dismissal is without prejudice and is subject
to the same conditions attached to the denial of defendants'
motion to dismiss the conversion claim.

<u>CONCLUSION</u>

For the reasons indicated, defendants' motion for
judgment as a matter of law as to TAZ's conversion and
tortious
interference with contract claims is denied.  The denial is
without prejudice, however, as to the statute of limitations
issues.

SO ORDERED.

Dated:   Central Islip, New York
         November 16, 2004

                         /s_____
                         DENIS R. HURLEY, U.S.D.J.