UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

TOKYO ELECTRON ARIZONA, LLC,

                Plaintiff,

       v.

DISCREET INDUSTRIES CORPORATION,
OVADIA MERON, et. al.,

                Defendants.
---------------------------------------------------------X

**MEMORANDUM OF DECISION
AND ORDER**
01-CV-3245 (DRH) (WDW)

**For Plaintiff:**
**Frommer, Lawrence & Haug, L.L.P.**
745 Fifth Avenue, Tenth Floor
New York, NY 10151
By:    Kevin Murphy

**For Defendants:**
**Carrella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, P.C.**
6 Becker Farm Road
Roseland, NJ 07068-1739
By:    Dennis F. Gleason

**HURLEY, District Judge**:

      On November 16, 2004, the Court entered an order addressing Plaintiff Tokyo Electron

Arizona LLC ("TAZ")'s motion for attorney's fees. The Court determined that TAZ was

entitled to attorney's fee but directed it to submit a revised application as to the amounts sought,

based on the following adjustments: (1) subtraction for the legal fees attributable to defendants

who settled, and (2) applying the adjusted hourly rates for services rendered consistent with the

rates established by the Court. *TAZ v. Discreet Indus. Corp.*, No. 01 CV 3245, at 14-17

(E.D.N.Y. Nov. 16, 2004). Presently before the Court is TAZ's revised request for attorney's

fees. As explained below, TAZ's application is granted.

The factual and procedural history of this case has been set forth in prior orders, familiarity with which is presumed. The order of November 16, 2004 ("November 16th order") is incorporated by reference herein.

On December 17, 2004, TAZ submitted a declaration from David Zwally ("Zwally"), an associate at its law firm. The declaration set forth the methodology that was employed in determining the fee award, which provides, in sum and substance, that Zwally reviewed the legal bills and culled out the entries which were not related to the prosecution of Defendants Discreet Industries and Ovadia Meron ("Defendants"). Each of the attorneys and paralegals, termed "service providers," also reviewed the time records to indicate more specifically how much time should be billed to Defendants. (*See* Decl. of David Zwally, 12/17/04 at ¶¶ 5-10.) Overall, Zwally subtracted fees for work done on settling defendants and calculated hours according to new rates.

In response to TAZ's revised fee application, Defendants submitted an opposition challenging TAZ's methodology. Defendants essentially had four objections: (1) that Zwally and not the service provider made a determination as to which particular tasks should have been removed or deleted; (2) neither Zwally nor the service provider could determine what portion of an entry related only to Discreet; (3) TAZ did not properly exclude hours which do not relate to Discreet; and (4) Zwally's declaration did not state that he personally checked the figures. (Defs.' Opp'n at 4-5.)

To support their contention that TAZ included unrelated hours in its calculation, Defendants submitted the affidavit of Oliver Rogers ("Rogers"), a paralegal at Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein. Rogers identified a list of entries "that do not on their

face support a contention that the task was related to prosecution of claims against Discreet."
(Rogers Decl. at 1.)

On January 10, 2005, TAZ responded with a reply declaration. TAZ's reply questioned Rogers' ability to differentiate whether a transaction only related to the prosecution of Discreet. Nonetheless, TAZ investigated the transactions highlighted by Rogers and found that most of the disputed entries were in fact related to the prosecution of Discreet. TAZ deleted twelve of the 143 disputed entries. (*See* Decl. of David Zwally, 1/10/05 at 2.) Additionally, TAZ noted that Zwally worked as an associate on this case from its inception, and was aware of its happenings throughout the entire course of the litigation. In those instances where Zwally was unsure of what a specific transaction related to, he "interviewed that service provider and reviewed [the law firm's] internal docket to determine what the transaction related to." (*Id.*)

TAZ summarized its attorneys' fees requested below:

| Service Provider | Hours Requested in Original Fees Motion | Hours Requested in TAZ' 12/17/04 Decl. | Hours Excluded due to Discreet's Opposition | New Net Hours |
|---|---|---|---|---|
| E. Haug | 741.50 | 702.8 | 4.8 | 698.00 |
| J. Stronski | 649.80 | 649.8 | 0 | 649.8 |
| K. Murphy | 5,233.45 | 4,064.85 | 25.65 | 4,039.2 |
| D. Zwally | 3,114.10 | 2,599.9 | 0 | 2,599.9 |
| Paralegals (8) | 3,745.90 | 3,623 | 5.35 | 3,617.65 |

**Original Total Amount Requested**          **$1,760,259.14**

**New Total Amount Requested**          **$1,516,624.52**

Defendants did not file an objection to TAZ's revised hours calculation. Even so, the Court will address Defendants' opposition prior to TAZ's revised submission. Defendants' contentions are without merit. First, both the initial Zwally declaration and the reply declaration indicate that the service provider participated in the process of determining which hours were appropriately billed to the prosecution of Discreet. Next, a review of the time records reveals that they are detailed enough for TAZ's counsel to determine whether or not the entry relates to the prosecution against Discreet. TAZ's reply set forth a further detailed explanation of how each entry relates to the prosecution of Discreet. (*See* Decl. of David Zwally, 1/10/05 at 5-32.) In sum, TAZ's revised application is accepted and no further adjustments are warranted.

## CONCLUSION

The Court awards reasonable attorney's fees in the amount of $1,516,624.52. The Clerk of the Court is directed to enter a judgment in that amount in favor of Plaintiff.

**SO ORDERED.**

Dated: Central Islip, N.Y.
         May 9, 2005

/s_____
Denis R. Hurley,
United States District Judge