EDNY/CIVY
01-cv-3245
HURLEY

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ MAY 25 2006 ★

LONG ISLAND OFFICE

**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 29th day of March, two thousand and six.

PRESENT:   HON. DENNIS JACOBS,
           HON. PIERRE N. LEVAL,
                   *Circuit Judges*,
           HON. JED S. RAKOFF,[1]
                   *District Judge*.

- - - - - - - - - - - - - - - - - -X

METRON TECHNOLOGY DISTRIBUTION
CORPORATION,

   Movant,

TOKYO ELECTRON ARIZONA, LLC,

   *Plaintiff-Counterclaim-
   Defendant-Appellee*,

   -v.-                                         05-2522-CV

DISCREET INDUSTRIES CORPORATION and
OVADIA MERON,



---

[1] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Issued as Mandate:
4/19/06

<u>Defendants-Counterclaimants-</u>
<u>Appellants</u>,

HUMMEL MACHINE AND TOOL COMPANY,
EDWARD EVANS, EASTERN MANUFACTURING
SERVICES, INC., NEW HORIZON MACHINE
COMPANY, doing business as Tirrena
Tech or ASI, GILBERT PRECISION MACHINE
and JOHN AND JANE DOE 1-30,

   <u>Defendants</u>.

- - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANTS:**   OLEG RIVKIN, Fox Horan &
                                Camerini LLP, New York New York,
                                <u>for Discreet Industries</u>
                                <u>Corporation and Ovadia Meron</u>.

**APPEARING FOR APPELLEE:**     EDGAR H. HAUG, Frommer Lawrence
                                & Haug LLP (Kevin Murphy and
                                David A. Zwally, <u>of counsel</u>),
                                New York, New York, <u>for</u> Tokyo
                                Electron Arizona, LLC.

   Appeal from the United States District Court for the
Eastern District of New York (Hurley, <u>J.</u>).

   **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED
AND DECREED** that the judgment of the district court be
**AFFIRMED.**

   Tokyo Electron Arizona, LLC and Ovadia Meron
("defendants") appeal from a judgment, entered in the United
States District Court for the Eastern District of New York
(Hurley, <u>J.</u>), following a jury verdict--and numerous post-
trial motions to set aside the verdict--in favor of
plaintiff Tokyo Electron Arizona ("TAZ") on its claims of
misappropriation, conversion, tortious interference with
contract, and unfair competition under both the Lanham Act

2

and New York State law. (TAZ lost on its RICO claim and withdrew its unjust enrichment claim from the jury's consideration.) The jury verdict sheet adds up to $6.3 million in compensatory damages, $3.6 million in punitive damages, and $1.5 million in attorneys' fees. At base, this case concerns defendants' theft and use of TAZ's trade secrets for the production of replacement parts for the "Eclipse" machine, which is used to manufacture semiconductors.

(1) As to whether the jury awarded duplicative damages, defendants have waived any argument regarding the jury instruction or verdict sheet given their failure to raise this issue in their requests to charge or at the charging conference, or to lodge a timely objection, or to request that the court poll the jury. See Rule 51, Fed. R. Civ. P.; Lavoie v. Pacific Press & Shear Co., 975 F.2d 48, 54-55 (2d Cir. 1992).

(2) The court did not abuse its discretion in issuing a permanent injunction as to all 266 parts of the Eclipse machine to prevent any future misappropriation of TAZ's trade secrets by defendants. Rondeau v. Mosinee Paper Corp., 422 U.S. 49, 62 (1975); Knox v. Salinas, 193 F.3d 123, 128-29 (2d Cir. 1999) (per curiam).

(3) The court correctly denied defendants' post-verdict motion for judgment as a matter of law on TAZ's unfair competition claims: TAZ presented evidence of actual customer confusion. See Resource Developers, Inc. v. Statue of Liberty--Ellis Island Found., Inc., 926 F.2d 134, 139 (2d Cir. 1991) (Lanham Act); WWW Pharm. Co., Inc. v. Gillette Co., 984 F.2d 567, 576 (2d Cir. 1993) (New York law).

(4) The court correctly denied defendants' post-verdict motion for judgment as a matter of law on TAZ's claim based on tortious interference with contractual relations: TAZ presented evidence sufficient to support the judgment, including defendants' knowledge of the existence of a non-disclosure agreement between TAZ and one of its suppliers. See Albert v. Loksen, 239 F.3d 256, 274 (2d Cir. 2001).

3

```
 1        (5)   TAZ was entitled to lost profit damages sustained
 2   after September 18, 2003 because § 12.1 of the asset
 3   purchase agreement among TAZ, Tokyo Electron Limited (TAZ's
 4   parent company), and Metron reserved TAZ the right to such
 5   damages.
 6
 7        (6)   As the "prevailing party" in this suit, TAZ was
 8   entitled to attorneys' fees under the Lanham Act.  15 U.S.C.
 9   § 1117(a).
10
11        (7) The court correctly upheld the jury's punitive
12   damage award because defendants adduced no evidence or
13   argument demonstrating that that award was excessive or
14   beyond the defendants' ability to pay.  See Smith v.
15   Lightning Bolt Prods., Inc., 861 F.2d 363, 373 (2d Cir.
16   1988); see also BMW of N. Am. v. Gore, 517 U.S. 559, 574-75
17   (1996).
18
19        We have reviewed defendants' remaining arguments and
20   find them all to be without merit.  For the foregoing
21   reasons, the judgment of the district court is hereby
22   AFFIRMED.
```

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK

By: *Lucille Carr*

Lucille Carr, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK

by *Tommy Martinez*
DEPUTY CLERK

4