# Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, P.C.

Counsellors at Law

| | | | |
|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | DONALD S. BROOKS | WILLIAM SQUIRE |
| JOHN N. BAIN | A. RICHARD ROSS | FRANCIS C. HAND | ALAN J. GRANT° |
| JOHN G. GILFILLAN, III | KENNETH L. WINTERS | AVRAM S. EULE | LAURA S. MUNZER |
| PETER G. STEWART | JEFFREY A. COOPER | LINDSEY H. TAYLOR | MARC D. MICELI |
| ELLIOT M. OLSTEIN | CARL R. WOODWARD, III | RAYMOND W. FISHER | RAYMOND E. STAUFFER° |
| ARTHUR T. VANDERBILT, II | MELISSA E. FLAX | DAVID J. REICH | JACOB A. KUBERT |
| JAN ALAN BRODY | DENNIS F. GLEASON | | STANLEY J. YELLIN |
| JOHN M. AGNELLO | DAVID G. GILFILLAN | OF COUNSEL | FRANK J. CHESKY III |
| CHARLES M. CARELLA | G. GLENNON TROUBLEFIELD | | RAMON A. CAMEJO |
| JAMES E. CECCHI | BRIAN H. FENLON | | STEPHEN R. DANEK |
| | KHOREN BANDAZIAN | | °MEMBER N.Y. BAR ONLY |
| | KERRIE R. HESLIN | | |
| JAMES D. CECCHI (1933-1995) | | | |

5 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

April 30, 2007

**VIA ELECTRONIC FILING**

Honorable Denis R. Hurley, U.S.D.J.
United States District Court for the
Eastern District of New York
200 Federal Plaza
Central Islip, NY 11722

      Re:      Tokyo Electron Arizona v. Discreet
      Docket No.      CV-01-3245(DRH)(WDW)
      File No.      189560-1

Dear Judge Hurley:

      On behalf of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("Carella Byrne"), as suggested by Your Honor at the April 27 proceedings, I renew my requests of June 6, 2005 and March 9, 2006 for relief regarding the obligation by Carella Byrne to hold certain funds in escrow pursuant to the April 29, 2004 oral Order of the Court[1].

      The oral Order, that was never entered in written form, provides, in part, that beginning April 29, 2004, Discreet Industries was to turn over to Carella Byrne, who was counsel for Discreet at that time, all payments from customers that Discreet received. Carella Byrne was to hold those payments in its attorney trust account pending further order of the Court.

---

[1] Although a final order has been entered in this action and the matter has been ruled upon by the Court of Appeals, this Court continues to have jurisdiction over enforcement of orders it has entered.

Honorable Denis R. Hurley, U.S.D.J.
April 30, 2007
Page 2

All such payments that were provided to Carella Byrne were deposited in this firm's attorney trust account. The amount held totals $820.00. No further funds have been received for approximately three years.

As a result of a June 2, 2005 Order entered by Your Honor, Carella Byrne no longer represents Discreet Industries in this action. Accordingly, on behalf of Carella Byrne I wrote to you on June 6, 2005, requesting a pre-motion conference to relieve Carella Byrne of its obligation as escrow agent for the funds being held. [Docket No. 571.]

In a letter dated, June 15, 2005, Kevin Murphy, counsel for judgment creditor Tokyo Electron Arizona advised the Court that he had been negotiating with Discreet's subsequent counsel as to the terms under which the escrow account could be terminated. [Docket No. 572.]

In an Order dated October 6, 2005, Your Honor directed that TAZ and Discreet inform the Court by letter no later than October 20 as to the status of the negotiations regarding Carella Byrne's request to be removed as agent for the escrow account. [Unnumbered Docket No. dated October 6, 2005.]

In October 2005, I was contacted by counsel for TAZ regarding the amount held in escrow as counsel for TAZ was preparing an order for submission to the Court. To the best of my knowledge, no such order was submitted. So too, I am not aware of any letters to the Court as required by the October 6 Order.

In February 2006, I wrote to counsel for TAZ asking him of the status of the order. He advised me that the parties could not agree how to proceed. I received no further word leaving me with the impression that these funds are of little or no interest to TAZ.

As a result of the inaction by TAZ, Carella Byrne has been burdened, unnecessarily. For example, it has been required to explain to auditors for New Jersey attorney trust accounts why the funds remain in the account and why they should not be disbursed to the appropriate party. Carella Byrne, therefore, respectfully requests that the Court enter an order that directs that the amount at issue be deposited with the Clerk of the Court until further order of the Court.

As this may affect TAZ and Discreet, notwithstanding that counsel for the parties should receive electronic notification, I am also sending a copy of this letter directly to counsel for TAZ and Discreet via email and first class mail.

Should Your Honor require a conference call on this issue, I would be happy to arrange it.

Honorable Denis R. Hurley, U.S.D.J.
April 30, 2007
Page 3

If Your Honor should have any questions, please feel free to contact me.

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

DENNIS F. GLEASON

cc:   Oleg Rivkin, Esq. (via email and first class mail w/attachment)
      Kevin Murphy, Esq. (via email and first class mail w/attachment)